```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


ALFONZAL JONES,
                    Plaintiff,

          v.                          CASE NO.  07-3035-SAC
STATE OF KANSAS, et al.,

                    Defendants.
```

**O R D E R**

This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Wyandotte County Detention Center, Kansas City, Kansas (WCDC). Plaintiff has also filed an Application for leave to proceed without prepayment of fees (Doc. 2). In the caption plaintiff lists "State of Kansas, Wyandotte County, and Board of Commissioners" as defendants. Also named in the body of the complaint as defendants are County Commissioner Delia York, Wyandotte County Sheriff Leroy Green, and Jail Administrator Randall Henderson.

The factual background alleged for the complaint includes that Mr. Jones was booked into the WCDC on January 3, 2006, without an arrest warrant and placed on "48-hour investigation" for the crimes of aggravated assault and kidnaping, which occurred on December 29, 2005. He alleges the charges were filed on January 5, 2006, but not until over 2 hours past the 48-hour period allowed by law.

Plaintiff asserts his 4th Amendment right to prompt judicial determination of probable cause and his 5th and 14th Amendment rights

to due process were violated. He also claims he was falsely imprisoned and held in unlawful custody as no charges were filed against him during the first 48 hours and he was not released at the end of 48 hours. Plaintiff seeks damages of several million dollars.

Mr. Jones alleges he has exhausted his administrative remedies on his claims. He exhibits one WCDC "Inmate Communication Form" inquiring as to the time he was booked into the jail, and a copy of the arrest warrant which was filed at 4:19 p.m. on January 5, 2006. He also attaches a copy of the information charging him with one count of Aggravated Kidnaping and one count of rape.

**SCREENING**

Because Mr. Jones is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Plaintiff lists damages as his first request for relief and a second of "violations = Increased Punishment, Ineffective Assistance of Counsel, Making Torts, A False Official Record, etc." This second request for relief is unintelligible[1], and will not be considered further by

---

[1] If plaintiff is attempting to challenge in federal court the state criminal proceedings on these charges, this court is precluded by the Younger doctrine from interfering in pending state court proceedings. Plaintiff must be careful to fully present any challenge he has to his state criminal charges to the state court trying the charges. As noted the court finds this request for relief unintelligible; and it is dismissed during screening for failure to state a claim under 42 U.S.C. 1983.

the court.

Furthermore, the State of Kansas is immune from suit for money damages under 42 U.S.C. 1983, and is hereby dismissed from this action.

**MARTINEZ ORDER REQUIRED**

The court finds a responsive pleading is required upon plaintiff's claim that defendants violated his federal constitutional rights by failing to provide a prompt judicial determination of probable cause for his warrantless arrest. See Gerstein v. Pugh, 420 U.S. 103, 113 (1975); County of Riverside v. McLaughlin, 500 U.S. 44, 47, 56 (1991)(The U.S. Supreme Court has held that "the Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest."); K.S.A. 22-2901(1)(If an arrest has been made without a warrant, the person arrested "shall be taken without unnecessary delay before the nearest available magistrate and a complaint filed forthwith."). The court further finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Wyandotte County Adult Detention Center. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES**

3

Under the Prison Litigation Reform Act, a prisoner is required to pay the full filing fee in his civil action. 28 U.S.C. 1915(b)(1). Where insufficient funds exist for the filing fee, the court is directed to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay the initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. 1915(b)(4).

Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis (Doc. 2). However, plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2)[2].

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2) is granted.

---

[2] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full district court filing fee which is currently $350.00 in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that this action is dismissed, and all relief is denied, against the State of Kansas.

**IT IS FURTHER ORDERED**:

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of the Wyandotte County Detention Center are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the

reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Wyandotte County Detention Center and the County of Wyandotte to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the <u>Martinez</u> report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendants, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant D. Kan. Rule 40.1.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2006, at Topeka, Kansas.

                          <u>s/Sam A. Crow</u>
                          U. S. Senior District Judge