kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALFONZAL JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 07-3035-JAR |
| STATE OF KANSAS, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on defendant Wyandotte County Board of Commissioners' ("WCBC") Motion for Summary Judgment (Doc. 21). For the reasons set forth below, defendant's motion is granted.

**Plaintiff's Failure to Respond**

Although a *pro se* litigant's complaint is construed liberally, he must nevertheless follow the same rules of procedure as other litigants.[1] In this case, plaintiff has failed to abide by the District Court rule establishing 23 days to file a response to a dispositive motion.[2] Defendant filed it's Motion for Summary Judgment on July 30, 2007, and plaintiff has failed to respond to date. A party that fails to file a response to a timely filed motion waives the right to respond

---

[1] *Green v. Dorell*, 969 F.2d 9115, 916 (10th Cir. 1992).

[2] D. Kan. R. 6.1(d)(2).

unless that party can show excusable neglect.[3]  If a party fails to file a response, then the motion is considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[4]  In determining whether summary judgment is warranted against a non-responding party, the court cannot simply grant the motion as uncontested under D. Kan. Rule 7.4, rather the court must look at the merits of the case and decide whether summary judgment is appropriate.[5]

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[6]  A fact is only material under this standard if a dispute over it would affect the outcome of the suit.[7]  An issue is only genuine if it "is such that a reasonable jury could return a verdict for the nonmoving party."[8]  The inquiry essentially determines if there is a need for trial, or whether the evidence "is so one-sided that one party must prevail as a matter of law."[9]

The moving party bears the initial burden of providing the court with the basis for the motion and identifying those portions of the record that show the absence of a genuine issue of

---

[3]D. Kan. R. 7.4.

[4]D. Kan. R. 7.4

[5]*Carlsen v. Perfume Pizazz, Inc.*, No. Civ.A. 05-2081-KHV, 2006 WL 435704, *1 (D. Kan. Feb. 21, 2006).

[6]FED. R. CIV. P. 56(c).

[7]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[8]*Id.*

[9]*Id.* at 251–52.

material fact.[10]  "A movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim."[11]  The burden may be met by showing that there is no evidence to support the nonmoving party's case.[12]  If this initial burden is met, the nonmovant must then "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[13]  When examining the underlying facts of the case, the Court is cognizant that it may not make credibility determinations or weigh the evidence.[14]  Furthermore, the record is to be viewed in the light most favorable to the nonmoving party.[15]  Therefore, the Court will assume the nonmoving party's evidence to be true, determine all doubts in the nonmovant's favor, and draw all reasonable inferences in the nonmovant's favor.

**Factual Background**

The following facts are uncontroverted.  On January 3, 2006, police officers arrested plaintiff on misdemeanor charges of trespassing and assault.  He was taken to the Wyandotte County Detention Center, where he was prepared for booking.  In preparation for booking, plaintiff was asked general medical questions, photographed, fingerprinted, and placed in a holding cell.  While in a holding cell, suspects could expect to wait for several hours before

---

[10]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[11]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 325).

[12]*Id.*

[13]*Id.*

[14]*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[15]*Harrison v. Wahatoyas*, LLC, 253 F.3d 552, 557 (10th Cir. 2001).

being booked, depending on the number of other suspects waiting to be booked, staffing levels, and the other demands on the officers.

Plaintiff was processed for booking at 1:59 p.m., placed in a holding cell, and began booking at 6:31 p.m. During booking, officers input information about the suspect's criminal history, outstanding warrants, court dates, release dates, and the status of any bonds into the Offender Management System. Before final entries are made, an officer may place a 48-hour felony hold on a suspect. In plaintiff's case, he was held because of an aggravated assault charge from December 28, 2005. Plaintiff was technically released on the misdemeanor charges and held on the December 2005 charge. Booking was complete at approximately 6:45 p.m. with the 48-hour felony hold to terminate on January 5, 2006, at 6:45 p.m. On January 5, 2006, at 4:20 p.m., the district attorney charged plaintiff with aggravated kidnaping and rape, to which plaintiff was ultimately convicted and sentenced to 586 months in state prison.

While in prison on charges stemming from the rape and kidnaping, plaintiff requested an inmate communication form detailing the time plaintiff was processed and booked. The form, dated January 10, 2006, stated that plaintiff was booked at 2:14 p.m. on January 3, 2006. Plaintiff filed an action in this Court claiming that his Fourth Amendment rights were violated because WCBC and the State of Kansas police officers held him in custody past the 48-hour felony hold. Specifically, plaintiff claims that he was booked at 2:14 p.m. on January 3, 2006, and was not charged until 4:20 p.m. on January 5, 2006, two hours and six minutes past the 48-hour rule announced by the United States Supreme Court in *County of Riverside v. McLaughlin*.[16]

---

[16] 500 U.S. 44 (1991).

**Discussion**

In 1975, the Supreme Court declared that the standards and procedures for arrest and detainment derive from the Fourth Amendment.[17] The Court explained that "protection of individual rights could be assured by requiring a magistrate's review of factual justification prior to any arrest, but such a requirement would constitute an intolerable handicap for legitimate law enforcement."[18] Thus, the Court reasoned, "the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention . . . ." Subsequently, in *McLaughlin*, the Court reiterated that persons arrested without a warrant must promptly be brought before a neutral magistrate for judicial determination of probable cause."[19] The *McLaughlin* Court added that "if a probable cause hearing is constitutionally compelled the moment a suspect is 'booked,' there is no room whatsoever for 'flexibility and experimentation by the States.'"[20] The *McLaughlin* Court noted that waiting a few hours after a suspect is booked to determine probable cause would amount to a Fourth Amendment violation if *Gerstein* was read to be inflexible.[21] In defining the boundaries of the Fourth Amendment, the *McLaughlin* Court announced that a "jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*."[22]

---

[17] *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975).

[18] *Id.* at 113.

[19] *County of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991).

[20] *Id.* at 54 (quoting *Gerstein*, 420 U.S. at 123).

[21] *Id.*

[22] *Id.* at 56.

It is with this backdrop the Court looks to the facts of this case and the evidence provided by defendants.  WCBC provides uncontroverted facts that plaintiff was booked at approximately 6:45 p.m. on January 3, 2006, on misdemeanor charges.  The deputy then placed a 48-hour felony hold on plaintiff due to expire at 6:45 p.m. on January 5, 2006.  At 4:20 p.m. on January 5, 2006, the district attorney charged plaintiff with aggravated kidnaping and rape.  Plaintiff was later convicted on those charges and sentenced to 586 months in state prison.  Plaintiff asserted in his complaint that he was held for more that 48-hours because he received an inmate communication form that stated that he was booked at 2:14 p.m. on January 3, 2006.  WCBC, however, has provided uncontroverted evidence that the information contained in the inmate communication form was incorrect and wrongly reported by an officer.  WCBC has provided this Court with sworn affidavit of officers Gilbert and Eickhoff testifying that plaintiff was not booked until 6:45 p.m. on January 3, 2006, and charged at 4:20 p.m. on January 5, 2006– less than 48-hours after plaintiff was booked.  Plaintiff has not offered evidence to the contrary.  Therefore, this Court is compelled to find that plaintiff was in custody for probable cause determination less than 48-hours before being charged with another crime.

**IT IS THEREFORE ORDERED BY THE COURT** that the defendant Wyandotte County Board of Commissioners' Motion for Summary Judgment (Doc. 21) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 1st  day of October 2007.

S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**